COPA R. STEFFEN, as Administratrix with the Will Annexed, etc., *Appellant,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

No. 18,220.

### SYLLABUS BY THE COURT.

SPECIAL FINDINGS—*Contributory Negligence of Deceased—Defeats a Recovery.* The special findings were that the deceased, who was killed at a railway crossing, was guilty of contributory negligence, and that the only negligence of the defendant railway company was in exceeding the speed limit by operating its cars over a street crossing at seven miles an hour. There was no evidence or claim of willfulness or wantonness on the part of the defendant, and therefore the trial court properly set aside the general verdict and gave judgment for defendant on the special findings.

Appeal from Sedgwick district court, division No. 2. Opinion filed June 7, 1913. Affirmed.

*A. E. Helm,* of Wichita, for the appellant.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The findings of the jury establish beyond question that the deceased was guilty of contributory negligence. He failed to listen for approaching cars and engines when he was at a sufficient distance from the track to have stopped and avoided being struck. If he had looked northward along the track when he arrived within 5 or 6 feet of it he could have seen the tender of the engine or the red light thereon fifty or sixty feet away. The jury also find that if he had looked he could have seen the engine and tender when he was about 15 feet west of the track upon which they were approaching. They find that the only precaution he took for his safety just before he attempted to cross the tracks was in trying to run around

the engine. The only negligence found against the defendant was in exceeding the speed limit, and the finding is that the speed was 7 miles per hour.

Although the petition describes some of the alleged negligent acts as "willful, wanton and reckless," there was no evidence that would have justified the g'v'ng of an instruction submitting the question of willfulness or wantonness to the jury. There was no claim below that such an issue was involved. In the absence of gross negligence amounting to wantonness, the contributory negligence of the deceased prevents a recovery, and the court properly set aside the general verdict and gave the defendant judgment on the special findings.

The judgment is affirmed.